MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Felipe Reyes-Reyes, | No. CV 12-1684-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Ann Hughes, et al., | |
| Defendants. | |

Plaintiff German Felipe Reyes-Reyes, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will grant the Application to Proceed and will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $12.69. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1   If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants: the City of Phoenix Police Department, Phoenix Police Officers Ann Hughes and David Walters, and Deputy County Attorney Jeffrey Kerr.

In Count One, Plaintiff alleges a violation of the Fifth Amendment and the Arizona Constitution.  He claims that Defendants Walters and Hughes seized money and a watch from Plaintiff when they arrested him, and did not return or inventory the items.

In Count Two, Plaintiff alleges a violation of his Fourth Amendment rights and the Arizona Constitution.  He claims he was subjected to false imprisonment or false arrest because Defendants Hughes and Walters made an investigatory stop without reasonable suspicion, arrested Plaintiff without probable cause, conducted an inventory search of his case, and assisted in his prosecution.

In Count Three, Plaintiff asserts that his Fifth and Fourteenth Amendment rights were violated, claiming that a Brady violation occurred when exculpatory evidence was not timely disclosed.  He also claims that when Defendant Kerr disclosed the evidence, it had been "altered and potentially fabricated to cover up the officers['] neligence."  He contends that the evidence was "manipulated by either the Maricopa County Prosecutor[']s Office or the Phoenix Police."  Plaintiff also contends that "the City 'failed' to train[,] supervise[,] and discipline Assistant District Attorneys and Phoenix Police Officers concerning their obligation to turn over Brady material in a timely fashion."  Finally, he contends that

- 3 -

Defendants Kerr, Hughes, and Walters acted "with 'actual malice' in the element of 'malicious pro[s]ecution' action, [b]ecause the[y] commenced the criminal proce[e]ding due to a wrong or improper motive."

In his Request for Relief, Plaintiff seeks monetary damages regarding Count One; dismissal of his conviction, release from custody, and monetary damages regarding Count Two; and reversal of his conviction, release from custody, and monetary damages regarding Count Three.

### IV.     Failure to State a Claim

#### A.    State Law Claims

To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Section 1983 does not provide a cause of action for violations of state law or state constitutional rights. Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). Thus, asserting claims under the Arizona Constitution does not state a claim under § 1983. Therefore, the Court will dismiss Plaintiff's claims in Counts One and Two regarding violations of the Arizona Constitution.

#### B.    Count One

The "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Moreover, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has an adequate post-deprivation remedy. See Howland v. State, 818 P.2d 1169, 1172-73 (Ariz. App. 1991) (the prisoner failed to state a due process claim where Arizona law provided an available state tort remedy to recover the value of his property). Thus, the Court will dismiss Count One.

### B. Counts Two and Three

Habeas proceedings are the proper mechanism for a prisoner seeking to challenge the legality or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). This bar also extends to claims for declaratory relief. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded charges against him.").

In State v. Reyes-Reyes, Maricopa County case CR2012-103491-001 DT, Plaintiff was sentenced after a jury found him guilty of two offenses—possession or use of dangerous drugs and misconduct involving weapons—that stemmed from the "investigatory stop" and arrest by Defendants Hughes and Walters.[1] Plaintiff's claims in Counts Two and Three imply the invalidity of his convictions. He has not demonstrated that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, his claims are barred by Heck. Thus, the Court will dismiss Counts Two and Three.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

---

[1]See http://www.courtminutes.maricopa.gov/docs/Criminal/092012/m5403690.pdf.

- 5 -

1  (2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $12.69.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 12th day of September, 2012.

_____
David G. Campbell
United States District Judge